UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| **TEMPUR SEALY INTERNATIONAL, INC., et al.** | ) | **(Filed Electronically)** |
| | ) | |
| PLAINTIFFS | ) | Civil Action No. 5:16-cv-83 |
| | ) | |
| v. | ) | Judge Joseph Hood |
| | ) | |
| **WONDERGEL, LLC, et al.** | ) | |
| | ) | |
| DEFENDANTS | ) | |

## DEFENDANTS' MOTION TO DISMISS
## OR TO TRANSFER OR STAY PROCEEDINGS

Defendants WonderGel, LLC d/b/a Purple and EdiZONE, LLC, through counsel, move this Court to dismiss this matter for lack of jurisdiction or, alternatively, transfer or stay this matter based on the "first-to-file" rule and for the reasons set forth in the attached memorandum.

                                                Respectfully submitted,

                                                /s/ Judd. R. Uhl
                                                Judd R. Uhl (89578)
                                                Katherine L. Kennedy (92606)
                                                R. Morgan Salisbury (94922)
                                                Lewis, Brisbois, Bisgaard and Smith, LLP
                                                909 Wright's Summit Parkway, Suite 230
                                                Ft. Wright, KY  41011
                                                (859) 663-9830 / (859) 663-9829 (Fax)
                                                judd.uhl@lewisbrisbois.com
                                                kate.kennedy@ lewisbrisbois.com
                                                morgan.salisbury@lewisbrisbois.com
                                                *Attorneys for Defendants WonderGel, LLC and EdiZONE, LLC*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

WonderGel, LLC d/b/a Purple (hereinafter referred to as "Purple") is a Delaware limited liability company with its principal place of business in Alpine, Utah.  *See* Affidavit of Casey McGarvey, Esq., attached as Exhibit 1, ¶ 2.  Purple is a startup e-commerce company that recently entered the consumer mattress market with a new mattress product it markets solely online principally through its www.onpurple.com website.  *Id*. ¶ 4.

All of Purple's members are citizens of Utah.  *Id*. ¶ 3.  Purple has no employees in the Commonwealth of Kentucky.  *Id*. ¶ 5.  Purple does not have a registered agent for service in the Commonwealth of Kentucky.  *Id*. ¶ 6.  Purple has never sought authority from the Kentucky Secretary of State to conduct business in Kentucky.  *Id*. ¶ 7.  Purple does not have, and has never had, offices or other facilities in Kentucky.  *Id*. ¶ 8.  Purple does not advertise nor work to market its mattress product in Kentucky.  Purple advertises its mattress product over the Internet which only incidentally may reach residents of Kentucky.  *Id*. ¶ 9.

With regard to the YouTube Goldilocks video that is the subject of Plaintiffs' Complaint, Purple cannot confirm that any resident of Kentucky viewed or did not view that video promoting its mattress product.  *Id*. ¶ 10.

On February 19, 2016, Purple received a cease and desist letter from Plaintiff Tempur Sealy International, Inc.'s (Tempur Sealy) counsel.  *See* DN 11-11.  Counsel demanded that Purple immediately remove what counsel described as false advertising materials from YouTube and elsewhere.  *Id.*  Those same allegations are contained in the Plaintiffs' Complaint and involve the same video advertisement at issue here.

Only a week later, Purple responded to the cease and desist letter by correspondence dated February 26, 2016. *See* DN 11-12. In it, Purple's counsel explained its position concerning the advertisement, namely that Tempur Sealy appeared to be wrongfully attempting to disrupt Purple's entry into the market for anticompetitive purposes. Counsel also enclosed a copy of the Complaint that Purple had filed in the U.S. District Court for the Central District of Utah (Case No. 2:16-cv-0016-BSJ or the "Utah Complaint.")

Purple's Utah Complaint (filed here at DN 11-13) requests a declaratory judgment that its marketing materials do not violate any rights of Tempur Sealy (First Claim for Relief). The Utah Complaint also asserts claims that Tempur Sealy committed unlawful monopolization (Second Claim for Relief), abuse of process (Third Claim for Relief), and intentional interference with economic relations (Fourth Claim for Relief). *See* DN 11-13. WonderGel, LLC further seeks an injunction enjoining Tempur Sealy from threatening WonderGel, LLC; compensatory damages; treble damages; and attorney fees. *Id.*

Rather than respond to WonderGel, LLC's allegations in Utah, Tempur Sealy filed this action on February 26, 2016. *See* DN 11-14. In what can only be seen as an attempt to circumvent the Utah court's jurisdiction, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction (DN 11) involving the very same dispute. Therefore, as it stands, the issues in this case are currently pending before this Court and the U.S. District Court for the Central District of Utah.

As set forth below, Plaintiffs' attempt to circumvent the jurisdiction of the Utah Court fails as this Court lacks personal jurisdiction over the Defendants. In addition, the "first-to-file" rule mandates that the Utah court retain jurisdiction over this matter and determine the "first-to-file"

issue presented by Plaintiffs in their Motion for Temporary Restraining Order and Preliminary Injunction (DN 11).

## II. ARGUMENT

### A. Defendants are not subject to personal jurisdiction in Kentucky.

In the Complaint, the sole basis for jurisdiction over the Defendants is a purportedly interactive website. Plaintiffs allege this Court has personal jurisdiction over the Defendants, erroneously collectively referred to as "Purple" in that Purple regularly does or solicits business or engages in an ongoing course of conduct in the Commonwealth of Kentucky, including through an interactive web site, and has engaged and is engaging in activities that are causing substantial injury to Tempur Sealy in this judicial district. DN 1, ¶ 3. The entire basis for Plaintiffs' claims in this case is the Goldilocks video advertisement described in the Complaint. *See id*.

Plaintiffs cannot establish personal jurisdiction over the Defendants. The cause of action in this case does not arise from any activity bearing a substantial relation to Kentucky or its residents and fails to meet the critical requirements of the Kentucky Long-Arm Statute. Additionally, subjecting Purple to personal jurisdiction would amount to a denial of federal due process rights as Purple does not engage in business or other activity in the Commonwealth nor has it purposefully directed products or activity at the Commonwealth sufficient to subject Purple to personal jurisdiction.

In establishing jurisdiction over a nonresident defendant, the plaintiff carries the burden of proving that jurisdiction is appropriate under the Kentucky Long-Arm Statute. *Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011). The plaintiff is required to plead sufficient facts to establish a basis for personal jurisdiction. *See Auto Channel, Inc. v. Speedvision Network*, LLC, 995 F. Supp. 761, 763 (W.D. Ky. 1997). The Court may exercise personal jurisdiction over the Defendants only

if such jurisdiction is (1) authorized by Kentucky law, and (2) otherwise consistent with the Due Process Clause of the Fourteenth Amendment. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003).

Kentucky's long-arm statute, KRS § 454.210, has been construed by courts as coextensive with the limits of due process. *Wilson v. Case,* 85 S.W.3d 589, 592 (Ky. 2002). Personal jurisdiction exists only if the defendants have "minimum contacts" with Kentucky "'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Gateway Press, Inc. v. LeeJay, Inc.,* 993 F.Supp. 578, 580 (W.D.Ky. 1997) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

Defendants may be subject to either general jurisdiction, where "the defendants' contacts with the forum state are of such a continuous and systemic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state," *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), or specific jurisdiction, where the claims in the case arise from or are related to the defendants' contacts with the forum state. *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997).

In this case, it is abundantly clear that Purple does not have sufficient contacts to establish general jurisdiction. Purple has no ties with Kentucky whatsoever. All of Purple's members are citizens of Utah. *See* Affidavit of Casey McGarvey, attached as Exhibit 1, ¶ 3. Purple has no employees in the Commonwealth of Kentucky. *Id*. ¶ 5. Purple does not have a registered agent for service in the Commonwealth of Kentucky. *Id*. ¶ 6. Purple has never sought authority from the Kentucky Secretary of State to conduct business in Kentucky. *Id*. ¶ 7. Purple does not have, and has never had, offices or other facilities in Kentucky. *Id*. ¶ 8. Purple does not advertise nor work to

market its mattress product in Kentucky. Purple advertises its mattress product over the Internet which only incidentally may reach residents of Kentucky. *Id*. ¶ 9. There is no question the Court lacks general jurisdiction over Purple. Further, given the nature of the Plaintiffs' allegations, there is no specific jurisdiction over Purple.

The Sixth Circuit has established a three-part test to determine if the exercise of specific jurisdiction is proper. First, the defendants must have purposefully availed themselves of the privilege of acting in Kentucky or purposefully caused a consequence in the state. Next, the cause of action must arise from the defendants' actions in Kentucky. Finally, the exercise of jurisdiction must be reasonable. *See Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 628 (6th Cir. 1998); *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968); *Wilson,* 85 S.W.3d at 592.

The crux of Plaintiffs' claims is that Purple used the Goldilocks video on its website. *See* Complaint. However, this video is not known to have been seen by any consumer in Kentucky. *See* McGarvey Affidavit ¶ 10. Plaintiffs' Complaint fails to contain a single allegation that a Kentucky *consumer* saw the Goldilocks video. Nothing here evidences that Defendants "specifically intended interaction" with Kentucky. The mere existence of an interactive website cannot satisfy the long-arm statute's requirement for wrongful conduct in Kentucky or Purple's due process rights since it could not reasonably expect being sued in Kentucky if no Kentucky consumer saw its website and video. A defendant must have established "meaningful 'contacts, ties, or relations'" in a particular forum that would lead them to reasonably anticipate being subject to suit therein and allow them to structure their conduct with a degree of predictability as to where that conduct will render them liable to suit. *Id.* at 897 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-472 (1985)). Otherwise, Purple

would be required to avoid using the internet altogether in order to avoid availing itself of every state's jurisdiction, which is specifically not required.  *See Cadle* at 678.

With respect to reliance on maintenance of an internet website to establish jurisdiction, the Sixth Circuit has observed:

> In this Circuit, 'operation of an Internet website can constitute the purposeful availment … 'if the website is interactive to a degree that reveals <u>specifically intended interaction</u> with residents of the state.'

*Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 483 (6th Cir. 2003) (emphasis added) (internal citations omitted).  "Interactive websites can subject the defendant to specific personal jurisdiction, whereas passive websites are less likely to confer such jurisdiction." *Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 678 (6th Cir. 2005).  "If the website is 'semi-interactive,' 'the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs.'" *Id.* at 678.  In *Cadle*, "[n]either the site, nor any of its listed articles directly discuss … activities in Ohio" and "nothing on the website specifically targets or is even directed at Ohio readers, as opposed to the residents of other states." *Id.* at 679.  The court also noted that "[t]he law does not require that people avoid using the internet altogether in order to avoid availing themselves of the laws of every state." *Id.*

Similarly, in *Guinness World Records Ltd. v. Doe*, 664 F. Supp. 2d 927 (N.D. Ill. 2009), the Court held:

> [I]n these times of electronic communication, any ruling that would convert the ubiquitous website into its owner's consent to be haled into court whenever the website has penetrated the forum in electronic terms would erase all of the lines that the courts--including the Supreme Court and, of course, our Court of Appeals--have traditionally marked out to define the rules of decision on in personam jurisdiction: If that erasure were to take place, everyone with a website might arguably be sued everywhere.

*Doe* at 927.

Plaintiffs' Complaint fails to contain a single allegation that a Kentucky *consumer* saw the Goldilocks video. There is no evidence that Purple "specifically intended interaction" with Kentucky residents, as required by *Bridgeport*. Plaintiffs' Complaint simply does not allege sufficient facts to make it plausible that false advertising occurred in Kentucky sufficiently for there to be specific personal jurisdiction.

Further, with respect to the Defendant, EdiZONE, LLC, this Defendant is a sister company of Purple, but it does not make or sell any mattress products nor does it do any advertising. *See* McGarvey Affidavit ¶ 11. EdiZONE, LLC does not own or control Purple, nor does it direct Purple's business activities. *Id*. ¶ 12. There can be no general or specific personal jurisdiction since EdiZONE has no ties with Kentucky or with the specific claims in this action. Further, Plaintiff has not asserted any claim upon which relief can be granted since EdiZONE did not engage in any of the conduct regarding Purple's website or advertising raised by the allegations of the Complaint.

In this case, Defendants do not have sufficient contacts with Kentucky such that the exercise of jurisdiction would comport with due process. Because Plaintiffs cannot demonstrate personal jurisdiction over the Defendants in this matter, Defendants request dismissal of all claims against them in this matter.

### B. **Alternatively, this case should be transferred pursuant to the first-to-file doctrine.**

#### 1. **The U.S. District Court for Utah has jurisdiction to decide the first-to-file issue.**

Plaintiffs acknowledge, as they must, that this matter is subject to the "first-to-file" rule.

> The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001).

> The first-to-file rule allows a court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court. When a court concludes that a party's actions implicate the first-to-file rule, it may, in its discretion transfer, dismiss or stay the second suit.

*Portman v. Wilson*, NO. 10-CV-169-KSF, 2010 U.S. Dist. LEXIS 73433, *16-*17 (E.D. Ky. July 19, 2010).

In this case, the first-filed Utah action involves WonderGel, LLC, a defendant here, and Tempur Sealy International, Inc., a plaintiff here. *See* DN 11-13. The Complaint also alleges that WonderGel, LLC is a sister company of EdiZONE, LLC, a defendant here. *Id.* at ¶ 1. A quick comparison of the two Complaints reveals the issues and dispute arise from the very same set of facts. The first-to-file rule clearly applies and precludes this Court's involvement.

Nevertheless, Plaintiffs, one of which was also named in the Utah action, improperly filed its Motion for Temporary Restraining Order (DN 11) in *this* Court rather than in Utah, where this matter was first filed and of which counsel was undoubtedly aware. *See* DN 11-12 (giving notice of the action). *See also* McGarvey Affidavit ¶ 13. Plaintiffs, in their Motion (DN 11), argue that an exception to the "first-to-file" rule precludes its applicability. However, the Western District of Kentucky has held otherwise.

> The 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated. *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914 (5th Cir. 1997) at 920…Thus, once the district court found that the issues might substantially overlap, <u>the proper course of action was for the court to transfer the case…to determine which case should, in the interests of sound judicial administration and judicial economy, proceed</u>.

*Allen v. Rohm & Haas Co. Ret. Plan*, No. 3:06CV-25-S, 2006 U.S. Dist. LEXIS 47154, *3-*5 (W.D. Ky. July 10, 2006) (quoting *Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599,

605-06 (5th Cir. 1999) and *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)) (emphasis added); *see also Elite Physicians Servs., LLC v. Citicorp Credit Serv.*, No. 1:06-CV-86, 2007 U.S. Dist. LEXIS 26954, *13 (E.D. Tenn. April 11, 2007) ("Second-filed courts generally grant a stay (retaining jurisdiction pending the first-filed court's action) for one of two reasons: (1) if dismissal or transfer would jeopardize the rights of one of the parties or (2) to give the first-filed court time to consider if the first-to-file rule applies.") and *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("normally the forum non conveniens argument should be addressed to the court in the first-filed action").

Because Purple filed an action involving the same issues surrounding the very same advertisement, the first-to-file rule applies. Tempur Sealy's argument that the first-to-file rule should be ignored here is unconvincing and inappropriate for this Court pursuant to the authority cited above. The proper course is to transfer the case to permit the first court to determine the issue. *Allen* at *3 -*5.

**2. The first-to-file rule applies here.**

Plaintiffs ask this Court to ignore the first-to-file rule and find jurisdiction appropriate here, in this later-filed case. Even if this Court determines that it may properly address the first-to-file issue, it should still find in favor of Defendants as there are no "extraordinary circumstances" present to make the exception relied upon by Plaintiffs applicable.

Plaintiffs rely on *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte, Assocs.,* 16 Fed. Appx. 443 (6th Cir. 2001) . In that case, the Court found that the record "overwhelmingly supported" a finding of bad faith on the part of the first-filers in that case. The Court found that counsel misled opposing counsel by continuing negotiations and failing to inform opposing counsel that an action had already

been filed. *Id.* at 438. The Court observed that "[i]f it was not gamesmanship, they would have informed Defendants in the March 26, 1999 letter that they had filed suit." *Id.* at 438.

In contrast, in this case, Purple's counsel immediately informed counsel for Plaintiffs of the lawsuit. *See* DN 11-12. *See also* Affidavit of Casey McGarvey, Esq., attached as Exhibit A. Even under *Zide*, Defendants' conduct in filing first in Utah "was not gamesmanship" as Plaintiffs suggest. *Id.*

In addition, the *Zide* Court found the lack of service of the Complaint to be evidence of "procedural fencing." *Id.* The facts in this case do not support such a conclusion. Here, counsel for Defendants gave notice to Plaintiffs' counsel *immediately* upon the filing of the Utah action. *See* DN 11-12. Service of the Utah Complaint is pending but has been initiated. Regardless, CIV. R. FED. P. 4(m) provides a plaintiff at least 90 days within which to achieve service. The Utah Complaint was filed approximately one month ago. The simple facts are that Plaintiffs had notice of the Utah action as soon as it was filed yet still chose to file this action in Kentucky in order to avoid the Utah court.

Plaintiffs next argue that courts have declined to apply the first-to-file rule altogether where the first action includes a declaratory judgment action. In support, Plaintiffs claim this case "mirrors" the Western District of Michigan case *Van Andel Institute v. Thorne Research, Inc.*, Civil Act. No. 1:12–CV–731, 2012 U.S. Dist. LEXIS 162501, 2012 WL 5511912 (W.D. Mich. Nov. 14, 2012). Not so. In *Van Andel*, the first-filed complaint involved *merely* a "one count declaratory judgment action." *Id.* at *13-*14. Plaintiffs conveniently omit the critical fact that Purple's first-filed Utah Complaint was more than just a "one count declaratory judgment action." Purple also seeks an injunction and compensatory damages based on its claims for  monopolization (WonderGel's Second Claim for Relief); abuse of process (Third Claim for Relief); and intentional interference with economic relations (Fourth Claim for Relief). *See* DN 11-13.

The other cases Plaintiffs rely upon are similarly distinguishable. For example, *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004)[1] makes no mention of any claim but for a declaratory judgment action. *UAW v. Dana Corp.*, No. 3:99CV7603, 1999 WL 33237054, 1999 U.S. Dist. LEXIS 22525, *5 (N.D. Ohio 1999), similarly addressed an action which sought only "declaratory and injunctive relief." *Emergency Dictation Servs. v. CBay Sys.,* No. 05-72137, 2005 U.S. Dist. LEXIS 27507 (E.D. Mich. Oct. 25, 2005) is similarly distinguishable. The Court there begins its opinion by writing:

> The issues of the case are the subject of a <u>mirror-image declaratory judgment action</u> that Defendant has previously filed complaint in the District of Maryland. … Plaintiffs contend that Defendant filed the Maryland case 'secretly,' as settlement discussions were ongoing, in an act of wrongful venue shopping.

*Id.* at *1. Likewise, in *DigiTrax Entertainment, LLC v. Universal Music Corp.*, 21 F. Supp. 3d 917, 921 (E.D. Tenn. 2014) the Court explained that "DigiTrax filed its declaratory judgment complaint in this court on March 12, 2014, without notice to Universal."

The common thread in each of these cases is that the initial action sought only a declaratory judgment as to the same issues in the second case. There is also an element of "secrecy" in that the plaintiff was not provided with notice that an action was filed. That is not the case here. Here, the first-file case does include those same issues but also includes additional claims and even demands compensatory and treble damages, and there has been no secrecy.

This Court should decline to decide the first-to-file issue and permit the District Court for Utah decide it. Alternatively, this Court should find that no "extraordinary circumstances" exist

---

[1] This case also indicates that the later-filed action in Mississippi was stayed pending the court of first filing's determination of the first-to-file issue. *See AmSouth Bank* at 772. This is consistent with the case law cited *supra*.

sufficient to warrant disregarding the first-to-file rule and transfer this matter to the District Court for Utah, or stay it until the Utah claims are resolved.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiffs' Complaint based on lack of personal jurisdiction. Alternatively, Purple requests that the Court transfer this matter to the pending, first-filed case in Utah or, alternatively, stay this case pending resolution of the action in Utah. Either ruling will avoid duplicative efforts of counsel and the Courts as well as the possibility for inconsistent rulings from the two U.S. District Courts. Defendants intend and are in the process of filing an appropriate motion in the Utah court to bring this issue to its attention.

Respectfully submitted,

__/s/ Judd R. Uhl_____
Judd R. Uhl (89578)
Katherine L. Kennedy (92606)
R. Morgan Salisbury (94922)
Lewis, Brisbois, Bisgaard and Smith, LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
kate.kennedy@ lewisbrisbois.com
morgan.salisbury@lewisbrisbois.com
*Attorneys for Defendants WonderGel, LLC and EdiZONE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, a true copy of the foregoing was electronically filed, serving on all counsel presently of record.

/s/ Judd R. Uhl_____
Judd R. Uhl (89578)