UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| **TEMPUR SEALY INTERNATIONAL, INC., et al.** | ) | **(Filed Electronically)** |
| | ) | |
| PLAINTIFFS | ) | **Civil Action No. 5:16-cv-83** |
| | ) | |
| v. | ) | **Judge Joseph Hood** |
| | ) | |
| **WONDERGEL, LLC, et al.** | ) | |
| | ) | |
| DEFENDANTS | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER OR STAY PROCEEDINGS

Defendants WonderGel, LLC d/b/a Purple and EdiZONE, LLC, through counsel, submit the following Reply in Support of Motion to Dismiss.

**A.   This Court lacks personal jurisdiction over Purple.**

A plaintiff is required to plead sufficient facts to establish a basis for personal jurisdiction. *See Auto Channel, Inc. v. Speedvision Network*, LLC, 995 F. Supp. 761, 763 (W.D. Ky. 1997). The Plaintiffs here have failed to allege sufficient facts to make it plausible that the alleged harm – false advertising – occurred in Kentucky sufficiently for there to be specific personal jurisdiction. In fact, Plaintiffs have alleged <u>no</u> facts or sworn statements that Purple's website or the video at issue specifically targets or is even directed at Kentucky viewers, as opposed to residents of other states. The Complaint is devoid of any allegation the subject video was seen by any consumer in Kentucky.

Sixth Circuit case law dictates that general jurisdiction over Purple is improper. In *Cadle v. Schlichtman*, 123 Fed. Appx. 675 (6th Cir. 2005), the Sixth Circuit reaffirmed that "the operation of a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction" even where the website enables the defendant to do business with residents of the forum state,

because such activity does not "approximate physical presence within the state's borders." *Id*. at 677, citing to *Byrd v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).

The *Cable* Court acknowledged that operation of a website may justify specific jurisdiction, but only if the website satisfies the factors set forth in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). As both parties acknowledge, the defendants must have purposefully availed themselves of the privilege of acting in Kentucky or purposefully caused a consequence in the state. Next, the cause of action must arise from the defendants' actions in Kentucky. Finally, the exercise of jurisdiction must be reasonable. *Id*. at 381.

In that regard, the Sixth Circuit has stated, "The operation of an Internet website can constitute purposeful availment of the privilege of acting in a forum state….if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Cable* at 678, citing *Byrd*, 289 F.3d at 874. Plaintiffs' Complaint is devoid of any allegation that Purple's website or video specifically targets or is even directed at Kentucky residents, as opposed to residents of other states. There is no allegation that the act complained of – false advertising in a video – occurred in Kentucky sufficiently for there to be personal jurisdiction. To subject Purple to jurisdiction in Kentucky simply because of the existence of the website would subject Purple to jurisdiction anywhere in the world.

To establish jurisdiction over Purple, Plaintiffs rely heavily on the "fact" that Tempur Sealy is headquartered in Kentucky. Plaintiffs maintain that Purple caused injury to a Kentucky resident and should be subject to suit in this Court. Thus, Plaintiffs' theory of personal jurisdiction over Purple focuses on its own connections to Kentucky as opposed to Purple's contacts (or lack thereof) with Kentucky.

This theory of personal jurisdiction was rejected by the Supreme Court of the United States in *Walden vs. Fiore,* 134 S. Ct. 1115 at 1123-26 (2014). There, the Court held that Nevada could not exercise jurisdiction over a defendant from Georgia based merely on the defendant's knowledge that his false affidavit would cause harm to two plaintiffs in Nevada. *Id.* at 1125-26. To hold otherwise, the Court held, would "improperly attribute a plaintiff's forum connections to the defendant and make[e] those connections decisive in the jurisdictional analysis." *Id.* at 1125 (quotation marks omitted). Thus, the Court held, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id.* at 1126.

Similarly, Plaintiffs' argument was rejected by the Court in *Capinha-Bacote v. Wick*, 2015 U.S. Dist. LEXIS 157372 *10-12, (S.D. Ohio 2015). In *Wick*, the plaintiff's primary argument as to purposeful availment was that the defendant used a copyright owned by a person in Ohio and had knowledge that plaintiff resided in and/or conducted business in Ohio such that defendant knew the injury would occur in Ohio. In determining this was insufficient to establish minimum contacts for purposes of due process analysis, the *Wick* Court relied upon the Sixth Circuit's opinion in *Maxitrate Tratamento Termico e Controles v. Super Sys.*, No. 14-3807, 2015 U.S. App. LEXIS 8999, at *5-6 (6th Cir. May 28, 2015):

> Hedman principally contends that Seguros's refusal to defend Maxitrate counts as purposeful activity in Ohio, citing *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), in support. There, the Court held that tabloid journalists in Florida were properly sued for libel in California, where the plaintiff lived. The tabloid had sold over 600,000 copies in California, and the defendants knew that "the brunt of [the plaintiff's] injury would be felt" there. *Id.* at 785, 789-90. Hedman relies on language in *Calder* suggesting that, if a defendant knows that its intentional acts will cause effects in a state, then that state can exercise jurisdiction over the defendant. *See id.* at 789-90. But the Supreme Court rejected that theory of personal jurisdiction (and that interpretation of *Calder*) last year in *Walden*…"

*Wick*, 2015 U.S. Dist. LEXIS 157372 at *10-12. The *Wick* Court concluded that regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way. *Id*. at *13.

Similarly, in *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796 (7th Cir. 2014), the Seventh Circuit held that commercial torts and violations of the Lanham Act directed against the Indiana plaintiff were insufficient contacts with Indiana to confer specific personal jurisdiction over the defendants. Citing *Walden*, The Court noted,

> The relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. *Walden*, 134 S. Ct. at 1119, citing *Keeton v. Hustler Mag., Inc*., 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984). Crucially, not just any contacts will do: 'For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State.' *Id*. at 1121 (emphasis added). The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.' *Id*. at 1126. Furthermore, the relation between the defendant and the forum 'must arise out of contacts that the 'defendant *himself*' creates with the forum ... .' *Id*. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement. *Id*.; see *Walden*, 134 S. Ct. at 1122.

*Real Action Paintball, Inc*., 751 F.3d at 801.

In sum, the relevant inquiry under a "purposeful availment" analysis is Purple's contacts with the forum state, not the Plaintiffs. In this case, Plaintiffs do not allege in their Complaint that Purple created any contacts in Kentucky. Plaintiffs have not alleged that any interaction or exchange of information occurred between Purple and Kentucky residents via its website. Plaintiffs have not

alleged any connection between Purple and Kentucky whatsoever. As such, personal jurisdiction does not exist.

Similarly, with regard to the second element of the *Southern Machine Co.* test, Plaintiffs have not alleged facts sufficient to demonstrate the cause of action arose from the defendants' actions in Kentucky. The offending video was created in Utah and uses Utah actors.

With regard to the final element of analysis, reasonableness of this forum, courts consider the burden on the defendant in light of other factors including: the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's right to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980).

In this case, there is currently an action pending in Utah involving the exact same subject matter, and substantially similar parties. *See* DN 11-13. That action was the first filed action. There is nothing preventing the Plaintiffs from having the issues raised in their Complaint heard in the Utah action. As a practical matter, the Utah Court is the more reasonable forum. There is certainly no question as to whether Tempur Sealy is subject to jurisdiction in the Utah Court, given the substantial amount of business conducted by Tempur Sealy in Utah. There is also no question that the harm complained of was filmed in Utah with Utah actors. As such, most of the discovery documents and witnesses are located in Utah. The defendant is located in Utah. As a result of the Plaintiffs' actions, the defendant was forced to hire local counsel in Kentucky, despite the fact a suit is already pending in Utah. As it stands, the current procedural posture of this case does not serve the judicial system's shared interest of obtaining the most efficient resolution of this controversy.

### B. The Utah District Court has jurisdiction to determine whether an exception to the first-to-file rule applies.

It is well-settled that that first-filed court should determine all the dispositive issues in the case, *including whether to retain or relinquish jurisdiction. Elite Physicians Services, LLC v. Citicorp Credit Services, Inc.*, 2007 U.S. Dist. LEXIS 26954 *11 (E.D. Tenn. 2007), citing *Zide Sport Shop of Ohio, Inc. v. Tobergte Associates, Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). (Emphasis added.)

Plaintiffs relied on *Zide Sport Shop of Ohio, Inc. v. Tobergte Associates, Inc.*, 16 Fed. Appx. 433 (6th Cir. 2001), to support their argument that the first to file rule should not be applied in this case. However, as recognized by the Court in *Elite Physicians*, in *Zide*, the Sixth Circuit stated that the first to file court should determine all dispositive issues in the case including whether to apply the first to file rule.

The District Court for the Western District of Kentucky has agreed. *See Allen v. Rohm & Haas Company Retirement Plan*, 2006 U.S. Dist. LEXIS 47154 *4 (W.D.Ky. 2006), citing *Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (6th Cir. 1999) ("The 'first to file' rule not only determines which court may decide the merits of substantially similar issues, but also established which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.")

In this case, there is no question, and Plaintiffs concede, that the first to file rule applies. Thus, pursuant to the above-referenced authorities and Sixth Circuit precedent, the Utah District Court should determine whether an exception to the first to file rule applies.

It should also be stressed that the action pending in Utah is more than a declaratory judgment action; it is a declaratory judgment action with substantive claims. Each of the cases cited by the Plaintiffs in their brief (DN 11) for the argument that an exception to the first to file rule should

apply involve a case in which *only* a declaratory judgment action was pending in a different forum. Purple's case in Utah involves more than a declaratory judgment action, but includes substantive claims as well. *See* DN 11-13. As such, the "exceptions" to the first to file rule are inapplicable.

For the foregoing reasons, and the reasons set forth in its Motion (DN 29), Defendants respectfully request that the Court grant its Motion to Dismiss or alternative, Motion to Transfer or Stay.

Respectfully submitted,

/s/ Judd. R. Uhl
Judd R. Uhl (89578)
Katherine L. Kennedy (92606)
R. Morgan Salisbury (94922)
Lewis, Brisbois, Bisgaard and Smith, LLP
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
(859) 663-9830 / (859) 663-9829 (Fax)
judd.uhl@lewisbrisbois.com
kate.kennedy@ lewisbrisbois.com
morgan.salisbury@lewisbrisbois.com
*Attorneys for Defendants WonderGel, LLC and EdiZONE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, a true copy of the foregoing was electronically filed, serving on all counsel presently of record.

/s/ Judd R. Uhl
Judd R. Uhl (89578)