*ELECTRONICALLY FILED*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**Eastern District of Kentucky**
**F I L E D**

APR - 1 2016

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| **TEMPUR SEALY INTERNATIONAL, INC., et al.** | ) |
| | ) |
| **PLAINTIFFS** | ) |
| | ) |
| | )   **Civil Action No. 5:16-cv-00083** |
| **v.** | ) |
| | ) |
| **WONDERGEL, LLC., et al** | ) |
| | ) |
| | ) |
| **DEFENDANTS** | ) |

**ORDER**

Defendants WonderGel, LLC (d/b/a Purple) and EdiZONE, LLC (collectively, "Purple"), having filed a Motion to Dismiss or To Transfer or Stay Proceedings (R. 29), and the Court having heard the arguments of the parties and considered the motion, Defendants' Motion is **DENIED**.

Plaintiffs, Tempur Sealy International, Inc., Tempur-Pedic International Inc., Tempur-Pedic Management, LLC, Tempur-Pedic North America, LLC, and Dan Foam ApS (collectively "Tempur Sealy"), having filed a Motion for temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65 (R. 11), and the Court having heard the arguments of the parties and having considered the Motion, Plaintiffs' Motion is **GRANTED** for the following reasons:

1)      The advertisement known as the "Goldilocks Video" distributed by Purple constitutes a likely violation of the Lanham Act and, therefore, Tempur Sealy has shown a strong likelihood of success on the merits;

2)      Tempur Sealy will suffer irreparable injury because (1) irreparable injury is presumed under the Lanham Act; and (2) Tempur Sealy has made a substantial investment in the promotion of its product, which the pervasive distribution of the "Goldilocks  Video" to the public undermines;

3)      The issuance of the injunction is not likely to harm others, and to the limited extent it may hinder Purple's e-commerce marketing platform, the $100,000 bond Tempur Sealy is required to post eliminates that concern; and

4)      It is in the public's interest that a misleading and deceptive advertisement, in the form of the "Goldilocks Video," should be removed.

Accordingly, IT IS HEREBY ORDERED that:

1)      The Court, in its equitable discretion, requires Tempur Sealy to post an $100,000.00 security pursuant to Fed. R. Civ. P. 65(c) ("Bond").

2)      Upon the posting of the Bond, Purple shall immediately (a) discontinue and direct third-parties over whom they may exercise control to discontinue the advertisement known as the "Goldilocks Video" including anywhere it appears on the Internet and (b) refrain from any advertising that references or relies upon the "Goldilocks Video" or the advertising claims at issue in the "Goldilocks Video" including in any and all publications, commercial social media accounts, or other traditional or online marketing venues.

This the 1st day of April, 2016.

Joseph M. Hood
United States District Judge