UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

TEMPUR SEALY INTERNATIONAL, )
INC., et al. )
                                   )     Civil Action No.
    Plaintiffs,              )      5:16-CV-83-JMH
                                   )
v.                                       )
                                   )    **MEMORANDUM OPINION AND ORDER**
WONDERGEL, LLC, *et al.*,        )
                                   )
    Defendants.              )

                     \*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

This matter is before the Court upon the Motion to Stay Pending Appeal and Additional Time to Comply with Injunction and the Motion for Clarification and/or Modification of Defendants WonderGel, LLC and EdiZONE, LLC (hereinafter, collectively, "Purple") [DE 42, Response at 45 (Plaintiffs are referred to collectively in this order as "Tempur Sealy".), Reply at 48; DE 43, Response at 46, Reply at 47.]

Under Federal Rule of Civil Procedure 62(c), this Court may grant a stay pending an interlocutory appeal[1] in cases involving injunctions and suspend, modify, restore, or grant

---

[1] It is not lost on the Court that no notice of appeal has been filed at this time, and that Defendants' request is technically premature. Nonetheless, the Court considers this matter under the framework established for such requests for relief under Fed. R. Civ. P. 62.

1

an injunction on terms for bond or other terms that secure the opposing party's rights. "To determine whether a stay is warranted, district courts rely on the following four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Miller v. Davis*, No. CV 15-44-DLB, 2015 WL 9460311, at *1 (E.D. Ky. Sept. 23, 2015) (citing *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

    Having considered the matter, the Court concludes that Purple fails to show that it has a substantial likelihood of succeeding on appeal, notwithstanding that it "believe[s]" it will "likely" be successful with respect to the arguments that this court has already rejected with respect to its objection to this Court's rulings on the merits of Plaintiff's request for preliminary injunction and Defendants' arguments concerning its first-to-file status in another jurisdiction and its concerns about this Court's jurisdiction to consider

2

this matter in the first place. Absent something more than Purple's disagreement with the Court's decision to reject the arguments in favor of Purple's preferred resolution of the matter, there is no support for this factor.

Nor is the Court persuaded that Purple will experience irreparable harm or injury to the extent claimed in the Motion as a result of the preliminary injunction. The Court's injunction does not limit Purple's ability to advertise its products and does not, for example, decimate Purple's marketing platform nor require it to stop marketing efforts entirely nor terminate the sale of its product. As the Court has already stated, customers still have complete access to Purple's products. Even if removing the offending video reduces Purple's sales by fifty percent, as it estimates, such monetary harm is not irreparable harm. It is an economic injury that could be resolved by an award of money and is, thus, distinct from the damage to the reputation of Tempur Sealy and its investment in its trade dress which would be permitted if the advertisement remained available to the public.

Neither is the Court is not persuaded that the decreased viral video momentum, loss of goodwill of business partners,

3

and disruption of its relationship with its vendors, suppliers, and employees (which the Court presumes that Purple is indicating are tied to the loss of sales and, thus, its potential to stay in business) with which Purple is concerned necessitate a stay, either.  Certainly, the disruption of relationships with vendors, suppliers, and employees – what one might call business goodwill – can constitute irreparable harm.  But, in this instance, the loss is mitigated because the Court has already considered that Purple advertises only using social media via the Internet and has indicated that it may still do so.  In fact, this is central to the Purple's Motion for Clarification in which it explains that, while it can now (or will very soon be able to) advertise using other videos which are not as funny as the enjoined Goldilocks video, it has observed a 36% drop in average daily visits since the video was taken down over the average daily visits during the preceding three weeks.[2]

Naturally, Purple wants to take advantage of what it believes to be a successful advertising campaign, and the

---

[2] The Court is curious whether the drop off in daily visits could also be attributed, in part or in whole, to the natural behavior of a fickle Internet audience that has already moved on to the next cat video, mattress ad, or link to the one old trick that will help anyone lose belly fat.

Court appreciates that it wishes to continue using the advertising that brought so much traffic to its virtual door, but Court is not willing to stay its decision so that Purple may do so at the expense of Plaintiff. Like all preliminary injunctions and questions regarding a stay, the court is faced with balancing the harm that might befall one party or the other from too much or too little injunctive relief.  In this instance, the Court concludes that it has reached the appropriate balance and declines to stay or modify the injunction at this time.[3]  Defendants should seek further relief, if desired, from the Court of Appeals under Fed. R. App. P. 8(a)(2) at the appropriate time.

The Court also denies an extension of time in which Purple may delay complying with the injunction in order to explore ways to preserve "views" and "likes" for the original video, to be cached in some way to preserve their existence should Defendants succeed on appeal.  By this date, Defendants have had several days, while the motion has remained pending, to explore those options.  No further time is necessary.

---

[3] Neither party has addressed the prospect that others will be harmed if the court grants the stay or the public interest in granting the stay. The Court concludes that these are factors that weigh neither in favor of one nor the other party in this instance.

Finally, the Court willing is not willing to bless the use of the proposed modified Goldilocks video – which obscures the type of mattress and direct reference to Plaintiff's product – over Plaintiff's objection without further consideration. Should Defendants wish to pursue that relief, they may file a new motion along with a copy of that video (video to be filed under seal). For now, that relief is denied.

Accordingly, the Motion to Stay Pending Appeal and Additional Time to Comply with Injunction [DE 42] and Motion for Clarification and/or Modification [DE 43] are **DENIED**.

This the 11th day of April, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

6