UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| TEMPUR  SEALY  INTERNATIONAL, )<br>INC., et al.                    )<br>                                )<br>     Plaintiffs,               )<br>                                )<br>v.                              )<br>                                )<br>WONDERGEL, LLC, *et al.*,       )<br>                                )<br>     Defendants.               ) | Civil Action No.<br>5:16-CV-83-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

This matter is before the Court upon Plaintiffs' Motion for Contempt [DE 51]. Defendants WonderGel, LLC, and EdiZONE, LLC, have filed a Response [DE 58], stating their objections, and Plaintiffs has filed a Reply in further support of their motion.[1]  The Court has also had the benefit of the parties' presentation of evidence and arguments during a hearing on April 18, 2016.  At the conclusion of that hearing, the Court ordered further briefing and ordered Defendant WonderGel, LLC,

---

[1] Defendants have argued and Plaintiffs concede that EdiZONE, LLC, has no control over the public performance of the video referred to in this Memorandum Opinion and Order as "Goldilocks II" and cannot properly be the subject of Plaintiffs' Motion for Contempt. Accordingly, the motion will be denied with respect to Defendant EdiZONE, LLC.

1

to discontinue the subject advertisement, known for the purposes of the present motion as "Goldilocks II," until this motion is resolved.

The history relevant to the present motion is that, on April 1, 2016, the Court issued an order requiring Defendants to immediately discontinue from using the "Goldilocks Video" and "refrain from any advertising that references or relies upon the 'Goldilocks Video' or the advertising claims at issue in the 'Goldilocks Video' including in any and all publications, commercial, social media account, or other traditional or online marketing venues." [DE 40.] There is no dispute that Defendants removed the "Goldilocks Video" within twenty-four hours of the entry of the order of injunction.[2] For the purposes of the present motion, the Court refers to the original video as Goldilocks I and

---

[2] The Court understands that, after removing the original video, Defendants posted an edited version of Goldilocks I which removed the portion of the video which features and compares the three distinct mattresses, including any and all references to the TEMPUR-Contour mattress, which had been included in the original video. During the April 18, 2016, hearing, the parties referred to this video as "Goldilocks I+." While Plaintiffs ultimately do not believe that the original injunction order would permit the posting of such a modified video, it did not find the video objectionable and Goldilocks I+ is not the subject of the current inquiry.

incorporates by reference the recitations of fact and law in its Opinions of April 1, 2016 [DE 40 and 41].

Since then, Defendants have filed a Motion for Clarification and Modification [DE 43], effectively asking the Court whether they would violate the Court's April 1, 2016, injunction order [DE 40] if they posted a modified version of Goldilocks I that blurred out the identifying features on the TEMPUR-Contour mattress in the advertisement. The Court ultimately denied the Motion for Clarification, writing that:

> . . . the Court [] is not willing to bless the use of the proposed modified Goldilocks video – which obscures the type of mattress and direct reference to Plaintiff's product – over Plaintiff's objection without further consideration. Should Defendants wish to pursue that relief, they may file a new motion along with a copy of that video (video to be filed under seal). For now, that relief is denied.

In other words, contrary to Plaintiffs' understanding of that Order, the Court has not yet reached a conclusion about whether a version of the Goldilocks video modified to blur or obscure the identifying features of the offending mattress would violate the Court's injunction order of April 1, 2016, nor has the Court required Defendants to submit any

3

modifications to this Court for adjudication.  To the extent
that the Court was less than clear about that during the April
18, 2016, hearing, it writes now to clarify that there has
been no such requirement of Defendants to this point.  Thus,
to the extent that Plaintiffs ask this Court to hold
Defendants in contempt of the Court's April 11, 2016, Order,
their Motion is denied.

That said, Defendants or their counsel have clearly seen
that they might avoid a host of trouble by seeking
clarification and counsel before proceeding to post any
advertising video that bears too many similarities to
Goldilocks I in order to avoid contempt of the Court's April
1, 2016, order of injunction [DE 40].  And that is where the
parties now find themselves because another video, which is an
edited version of Goldilocks I, is now available on-line.  For
the purposes of the present motion, the Court refers to this
modified video as Goldilocks II.  Clearly, Defendants have
decided to take their chances.

Plaintiffs' objections to Goldilocks I turned on the fact
that one of Plaintiffs' mattresses was featured in the
advertisement and was identifiable due to trade dress in the
form of the TEMPUR-Contour mattress cover:  a unique zipper, a

unique contrasting color and contoured aspect of the lower portion of the mattress cover, and tell-tale stitching on the white, upper cover of the mattress. With Goldilocks II, Defendant WonderGel has now posted a full-length version of the Goldilocks video featuring mattresses which it contends do not depict any of Plaintiffs' identifiable trade dress features and, thus, cannot conceivably violate the Lanham Act. Plaintiffs disagree.

Goldilocks II presents a digitally altered image of a mattress, with a different zipper and in which the contrasting color and contoured aspect of the lower portion of the mattress cover has been changed to a red border separating the top cover pattern from a base material, which is now in a different color with a different contour than that of Plaintiffs' product. The red base or border is flattened and does not angle upward at the corner and is, thus, further differentiated from the orange zipper and contour featured on the TEMPUR-Contour mattress cover and on the mattress in Goldilocks I. The gray base material below the cover has been digitally altered to a red base material, as well.

Plaintiffs complain, however, that the curved or contoured stitching pattern on the mattress top, which

5

everyone agrees has been digitally modified so that it differs
from that shown in Goldilocks I, is still too similar to that
borne on their TEMPUR-Contour mattress product to pass muster
because they, alone, among mattress manufacturers feature
mattresses with a distinctive quilted white top with stitched
line patterns that are about one inch wide such that even a
similar albeit distinct pattern could be seen to represent
their product.    Defendant WonderGel argues that that the
change is enough to avoid contempt of the Court's order [DE
40].

The Court has been provided with still photos of the
original mattress top from Goldilocks I and the digitally
modified version from Goldilocks II and notes that the
mattress top featured in Goldilocks II has been changed so
that the stitched pattern – while similar in terms of the
distance between the lines of stitching – runs diagonally, in
a different direction from that featured in Goldilocks I and
no longer has the characteristic whorl seen along some of the
lines of stitching as seen in Goldilocks I.   The Court has
provided Plaintiffs with an opportunity to provide additional
evidence  concerning  the  uniqueness  of  Plaintiffs'  white,
quilted  mattress  top  as  well  as  its  similarity  to  that

6

depicted in Goldilocks II and for Defendants to provide evidence to the contrary.

Finally, during the April 18, 2016, hearing, the Court determined that, in order that it might carefully consider this motion and provide adequate relief to Plaintiffs if it is ultimately determined to be necessary, Defendant WonderGel must discontinue using Goldilocks II until such time as this motion is resolved. The Court recalls that it referenced Defendant WonderGel as being in contempt but recognizes that, in hindsight, such determination is premature at this time. Rather, the Court seeks to remind Defendant what is at stake. Thus, the Court clarifies that Wondergel has not been adjudicated as being in contempt of this Court's April 1, 2016, Order [DE 40]. Rather, the Motion for Contempt remains pending as to Defendant Wondergel.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiffs' Motion for Contempt is **DENIED IN PART** and **REMAINS PENDING IN PART** as set forth above.

(2) That Plaintiffs shall file further papers in support of their motion no later than **5:00 p.m.** on **Tuesday, April 19, 2016.**

7

(3) That Defendant WonderGel shall file further papers in support of its objections no later than **5:00 p.m.** on **Wednesday, April 20, 2016**.

(4) That Plaintiffs shall file any further reply in support of its Motion no later than **5:00 p.m** on **Thursday, April 21, 2016**, at which time this matter shall stand submitted to the Court for further consideration.

(5) That Defendant WonderGel shall resubmit a copy of the Goldilocks II video (under seal) to the Court in a format readily readable on the Court's equipment no later than **5:00 p.m.** on **Thursday, April 21, 2016**. In order to determine which formats are advisable, Counsel should contact the Court's Automation Department by calling the Court Clerk's office at (859) 233-2503.

(6) That the Court, in its equitable discretion and recognizing that this Order may hinder Defendant WonderGel's e-commerce marketing platform, requires Plaintiffs to post a $100,000 security pursuant to Fed. R. Civ. P. 65(c) ("Bond"). The court concludes that the previously posted bond is adequate in order to eliminate that concern and that no further security is required.

(7) That Defendant Wondergel shall immediately discontinue and direct third-parties over whom they may exercise control to discontinue the advertisement known as Goldilocks II including anywhere it appears on the Internet and refrain from any advertising that references or relies upon Goldilocks II or the advertising claims at issue in the Goldilocks II video including in any and all publications, commercial social media accounts, or other traditional or online marketing venues, pending further order of the Court.

This the 18th day of April, 2016.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge